UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kaene Bellamy, | ) | Civil Action No.: 4:19-cv-03462-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Horry County Police Department and | ) | |
| Officer Chadwick Page, individually and | ) | |
| as an employee of Horry County Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends (1) granting Defendant Horry County Police Department's ("HCPD") motion to dismiss and (2) granting in part and denying in part Defendant Officer Chadwick Page's motion to dismiss.[1] *See* ECF No. 11.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No parties have filed objections to the R & R, and the time for doing so has expired.[2] In the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] Objections were due by May 14, 2020. *See* ECF No. 11.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 11], **GRANTS** Defendant HCPD's motion to dismiss [ECF No. 4], **DISMISSES** Defendant HCPD from this action *with prejudice*, and **GRANTS IN PART AND DENIES IN PART** Defendant Page's motion to dismiss [ECF No. 7]. As indicated by the R & R, this case will proceed solely against Defendant Page as to Plaintiff's (1) state-law claim for malicious prosecution and (2) 42 U.S.C. § 1983 claim for excessive force.

**IT IS SO ORDERED.**

Florence, South Carolina                                s/ R. Bryan Harwell
May 20, 2020                                            R. Bryan Harwell
                                                        Chief United States District Judge